IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOME PRODUCTS INTERNATIONAL—<br>NORTH AMERICA, INC., | )<br>)<br>) | |
| Plaintiff, | )<br>) | No. 14-cv-05788 |
| v. | )<br>) | Judge Andrea R. Wood |
| MICHEL BUCHBUT, et al., | )<br>) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Home Products International-North America ("HPI") brought this action against Defendants Michel Buchbut, DLDM Investment Ltd. ("DLDM"), Best Plastics, LLC ("Best Plastics"), and Best Plastico, LLC ("Best Plastico") under the Federal Arbitration Act, 9 U.S.C. §§ 6, 9, to confirm an arbitration award. HPI served Defendants with summonses and copies of its Application to Confirm Arbitration Award (Dkt. No. 1), but Defendant Buchbut, appearing *pro se*, failed to respond, and Defendants DLDM, Best Plastics, and Best Plastico failed to retain counsel, appear, or respond. Because Defendants failed to respond, HPI moved for default judgment. For the reasons described below, the Court treats HPI's Motion for Default Judgment (Dkt. No. 11), together with its Motion to Supplement the Record and Renewed Motion for Entry of Default Judgment (Dkt. No. 16), as an unopposed motion for summary judgment, grants the motion, confirms HPI's arbitration award, and awards HPI $136,681.80.

BACKGROUND

In 2011, HPI reached two agreements with Defendants to use and later to purchase Defendants' plastic injection molds for making totes and storage boxes. In the first contract, which was signed by HPI and DLDM on July 6, 2011 and guaranteed by Buchbut on July 7, 2011,

DLDM agreed to transfer three sizes of plastic injection molds to HPI, giving HPI exclusive rights to use the molds to produce tote and storage box bases and lids. (Compl. Ex. A ¶¶ 1, 15, 20, Dkt. No. 1-1.) In November 2011, HPI reached a second agreement with DLDM—along with Best Plastics and Buchbut—to purchase several of the 27-gallon molds that DLDM transferred to HPI pursuant to the July 6 contract. (Compl. Ex. B ¶ 1, Dkt. No. 1-1.) Under the November 2011 contract, HPI also received exclusive rights to produce totes using the molds purchased from DLDM. (*Id*. ¶ 8.) In both contracts, HPI and Defendants agreed to settle disputes through arbitration conducted by the American Arbitration Association ("AAA") in Chicago, Illinois. (Compl. Ex. A ¶ 18, Ex. B ¶ 10(h), Dkt. No. 1-1.)

In 2013, HPI and Defendants each alleged that the other breached the 2011 contracts. On March 26, 2013, Joseph J. Fell, an attorney representing DLDM, sent a letter to HPI that included a formal Demand for Arbitration. (Compl. Ex. C., Dkt. No. 1-1.) According to DLDM and Fell, HPI breached the parties' July 6, 2011 contract by terminating the contract improperly and failing to "follow the express terms and conditions of other underlying contracts entered into by and between the parties . . . ." (*Id*.) HPI denied that it had breached its agreements with Defendants and filed a Counterclaim, alleging that Defendants breached the parties' contract, violated the Lanham Act, 15 U.S.C. § 1125, and injured HPI's business reputation. (Compl. Ex. D, Dkt. No. 1-1.) According to HPI's counterclaim, in June 2013, HPI discovered that a competitor, Centrex Plastics, LLC, was selling the same 27-gallon plastic totes that HPI had produced using Defendants' molds. (Compl. Ex. D ¶ 17, Dkt. No 1-1.) After investigating, HPI concluded that Defendants had violated the parties' exclusivity agreement by providing Centrex with either finished totes, tote designs, or tote molds identical to the 27-gallon tote molds HPI purchased from Defendants in November 2011. (*Id*. ¶ 18.)

Following DLDM's Demand for Arbitration and pursuant to the 2011 contracts, HPI and Defendants entered into arbitration and an arbitrator was appointed. (Compl. Ex. E, Dkt. No. 1-1.) In December 2013, the parties agreed to conduct the hearing on May 13, 2014. (Compl. Ex. F at 2, Dkt. No. 1-1.) On May 9, 2014, however, Buchbut—who at some point replaced Fell as Defendants' representative—informed the AAA and HPI that Defendants would not be participating in arbitration as previously represented. (*Id.*) Buchbut did not, however, object to or seek to postpone the hearing. (*Id.*) As a result, during the May 13, 2014 hearing, only HPI presented evidence, testimony, and argument. (*Id.*) On June 25, 2014, Benz awarded HPI the amount of $136,681.80. (*Id.* at 3–4.)[1]

On July 28, 2014, HPI filed an application with this Court to confirm the June 25 award.[2] (Dkt. No. 1.) HPI served copies of the Summons and Application to Confirm Arbitration Award on Best Plastico on August 1, 2014, on DLDM on September 11, 2014, and on Best Plastics and Buchbut on December 14, 2014. (Mot. for Entry of Default J. ¶¶ 2–4, Exs. A-D, Dkt. No. 11.) On January 7, 2015, HPI moved for default judgment because no Defendant had answered HPI's Application or filed an appearance. (Mot. for Entry of Default J. at 1–3, Dkt. No. 11.) When on March 11, 2015, the Defendants had still failed to answer, appear, or move to modify, vacate, or amend the arbitration award, HPI renewed its motion for the Court to issue default judgment and

---

[1] The arbitrator awarded $75,000 in damages and lost sales, $51,649.80 in attorney's fees and costs, and $10,032 in unpaid fees for the AAA and the arbitrator. (Compl. Ex. F. at 3 ¶¶ 2–4, Dkt. No. 1-1.)

[2] Because the AAA issued its award in Chicago, Illinois, and the parties did not specify otherwise in their agreements, venue is proper in this Court under 9 U.S.C. § 9. *See also* Compl. Ex. A ¶ 18, Ex. B ¶ 10(h), Dkt. No.1-1. The Court also has subject-matter jurisdiction over this matter. The Federal Arbitration Act "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis of the parties' dispute." *Paden v. Discover Bank*, 556 U.S. 49, 59(2009). (internal quotations and alterations omitted). Thus, "there must be diversity of citizenship or some other independent basis for federal jurisdiction." *Minor v. Prudential Sec., Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983)). Here, the parties are citizens of different states and foreign states and the amount in controversy exceeds $75,000. Thus, this Court has jurisdiction under 28 U.S.C. § 1332(a).

confirm the award. (Mot. to Suppl. Record and Renewed Mot. for Entry of Default J. ¶ 8, Dkt. No. 16.)

This Court held a Show Cause hearing on May 7, 2015 to consider whether the Court should enter default judgment. There, Buchbut—appearing in this Court for the first time—entered a *pro se* appearance but represented to the Court that he would retain counsel for future proceedings. During the hearing, the Court reminded Buchbut that the entity Defendants could not appear *pro se*, and Buchbut represented that he would retain counsel for those Defendants as well. (As corporations and limited liability companies, the entity Defendants cannot proceed *pro se*. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993); *see also United States v. Hagerman*, 545 F.3d 579, 582 (7th Cir. 2008)). The Court directed Buchbut to arrange for an attorney to appear on behalf of the entity Defendants by June 4, 2015, and for all Defendants to answer HPI's Application by June 18, 2015. In addition, the Court set a status hearing for June 23, 2015, and notified Buchbut that he would be required to appear at the status hearing either through an attorney, in person, or by telephone. The Court warned Buchbut that if he and the other Defendants failed to respond by June 18 and failed to appear on June 23, the Court would revisit whether to grant default judgment. Despite the Court's warnings, however, Buchbut did not retain counsel and failed to appear either in person or on the phone at the June 23 hearing. Moreover, Defendants failed to comply with the deadlines set by this Court.

## DISCUSSION

HPI argues that because Defendants failed to timely respond to HPI's Application to Confirm the arbitration award and failed to provide notice that they intended to vacate, modify, or correct the award within the three month period required by the Federal Arbitration Act, 9 U.S.C. § 12, this Court should enter default judgment and confirm the award.

According to Federal Rule of Civil Procedure 55(a), this Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In general, a court may justifiably enter default judgment against a defendant when he exhibits a "willful refusal to litigate the case properly" by continually disregarding the litigation or the procedures of the court, *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003), and "when other less drastic sanctions have proven unavailing." *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995).

The Seventh Circuit has not directly considered whether a district court may enter default judgment against a defendant who fails to respond to a plaintiff's motion to confirm an arbitration award.[3] In *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006), however, the Second Circuit squarely addressed this question. There, the Second Circuit held that the district court should not have entered default judgment against a group of investors who removed—but failed to answer—a petition to enforce an arbitration award. *Id*. at 101–02, 109. According to the *D.H. Blair & Co.* court, Rule 55 applies when the court has only allegations but no evidence to consider because the plaintiff has only taken the first step in a civil action—filing a complaint. *Id*. at 107. During proceedings to confirm an arbitration award, on the other hand, the parties present the court with a record, including the agreement to arbitrate and the arbitration award, which allows the court to reach a judgment on the merits. *Id*. at 110. Reasoning that "Rule 55 does not operate well in the context of a motion to confirm or vacate an arbitration award," the Second Circuit held

---

[3] Although the Seventh Circuit has not directly addressed the circumstances under which a district court may enter default judgment in a case to confirm an arbitration award, in *Comprehensive Merchandising Catalogs, Inc. v. Madison*, 521 F.2d 1210 (7th Cir. 1975), the Seventh Circuit, sitting in diversity jurisdiction, enforced a default judgment issued by a New York state court against an Illinois corporation that failed to appear at either an arbitration hearing or proceedings to confirm the adverse arbitration award. *See also, e.g., U.S. ex rel. Frontier Const., Inc. v. Tri-State Mgmt. Co.*, 262 F. Supp. 2d 893, 894–95 (N.D. Ill. 2003) (confirming an arbitration award against a defendant who was properly served but failed to file an appearance in proceedings to confirm the arbitration award).

that during such proceedings, the district court should consider a defendant's failure to appear, respond, or defend as an unopposed motion for summary judgment, not a default. *Id.* at 107–09. This Court finds the Second Circuit's reasoning persuasive.[4]

Accordingly, the Court considers HPI's Application to Confirm as an unopposed motion for summary judgment. The Court therefore must determine whether HPI has demonstrated that "there is no genuine dispute as to any material fact and [HPI] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the Court considers HPI's motion to be unopposed, HPI still must meet the standard for summary judgment established by Federal Rule of Civil Procedure 56. *See Harris v. Skokie Maid & Cleaning Serv., Ltd.*, No. 11 C 8688, 2013 WL 3506149, at *3 (N.D. Ill. July 11, 2013) (citing *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2nd Cir. 2004) (holding that "failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment")); *see also* Fed. R. Civ. P. Advisory Comm. Comments to 2010 Amendments (noting that under 56(e), even when a party fails to respond to a motion, "summary judgment cannot be granted by default"). If the Court determines that, viewing the factual record in the light most favorable to Defendants, no reasonable trier of fact could find in their favor, the Court should grant summary judgment in favor of HPI. *Bunn v. Khoury Enter.'s, Inc.*, 753 F.3d 676, 681–82 (7th Cir. 2014); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[4] Some district courts in the Second Circuit distinguish *D.H. Blair & Co.* where, as here, the defendant failed to appear during both the arbitration proceedings and the proceedings to confirm the arbitration award. *See, e.g. Tr.'s of Empire St. Carpenters Annuity Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Manhattan Concrete Structures, Inc.*, No. 13 CV 5557 (DRH) (ARL), 2014 WL 4810262, at *2 (E.D.N.Y. Sept. 23, 2014); *see also Tr.'s of Empire St. Carpenters Annuity Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Gregory*, No. 14-cv-2900 (ADS) (SIL), 2015 WL 1611307, at *4 (E.D.N.Y. Apr. 10, 2015) (describing, but declining to follow, other courts that distinguish cases in which the defendant fails to appear at arbitration proceedings). Nonetheless, this Court agrees with the Second Circuit that because arbitration proceedings establish a record that allows the court to reach the merits, the court should not enter default judgment. *See Gregory*, 2015 WL 1611307, at *4.

According to the Federal Arbitration Act, a party seeking to confirm an arbitration award is entitled to judgment as a matter of law—that is, the Court should confirm the arbitration award—unless the opposing party demonstrates grounds to vacate, modify, or correct it. *See* 9 U.S.C. § 9; *see also Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (holding that 9 U.S.C. §§ 10 and 11 provide the exclusive grounds for a district court to vacate or modify an arbitration award). The arbitrator's award need not be "correct or even reasonable, since neither error nor clear error nor even gross error is a ground for vacating an award." *IDS Life Ins. Co. v. Royal All. Assocs., Inc.*, 266 F.3d 645, 650 (7th Cir. 2001). Instead, so long as "the district judge is satisfied that the arbitrators resolved the entire dispute and can figure out what that resolution is, [she] must confirm the award," and the plaintiff is entitled to judgment as a matter of law. *Id.* at 650–51. Moreover, the opposing party must provide notice of any motions to vacate, modify, or correct an award under 9 U.S.C. §§ 10 or 11 within three months of the award being delivered or filed. *See* 9 U.S.C. § 12.

Under this deferential standard of review, the Court determines that HPI is entitled to judgment as a matter of law and confirms HPI's arbitration award. HPI provided the Court with copies of the underlying contracts containing the relevant arbitration clauses. (Compl. Ex. A ¶ 18, Ex. B ¶ 10(h), Dkt. No. 1-1.) HPI also attached DLDM's Demand for Arbitration (Compl. Ex. C, Dkt. No. 1-1), HPI's Counterclaim, (Compl. Ex. D., Dkt. No. 1-1), and the Arbitrator's Final Award. (Compl. Ex. F, Dkt. No. 1-1.) As the Arbitrator's Final Award makes clear, the arbitrator fully addressed Defendants' and HPI's respective claims and counterclaims. As the arbitrator notes, because Defendants failed to appear at the May 13, 2014 hearing and provided no evidence or arguments to support their allegations, she dismissed Defendants' breach of contract claims against HPI. (Compl. Ex. F at 2, Dkt. No. 1-1.) On the other hand, based on the testimony and

evidence provided by HPI's Chief Executive Officer, Chief Financial Officer, and its general counsel, the arbitrator determined that Buchbut sold completed 27-gallon totes to Centex Plastics manufactured by Defendants using the same molds HPI purchased from Defendants in November 2011. (*Id*.) As a result, the arbitrator concluded that Defendants breached the parties' 2011 contracts and awarded damages based on HPI's filings and the terms of the parties' agreements. (*Id*. at 3). Because the Court is "satisfied that the arbitrator resolved the entire dispute and can figure out what that resolution is," *IDS Life Ins. Co.*, 266 F.3d at 650–51, it confirms the AAA's June 25, 2014 award. Additionally, Defendants failed to provide notice of or make any motion to vacate, modify, or correct the Arbitrator's award within the three-month period required by the Federal Arbitration Act, 9 U.S.C. § 12.

## CONCLUSION

For the foregoing reasons, the Court grants HPI's Motion for Entry of Default Judgment and Order Confirming Arbitration Award, and its Motion to Supplement Record and Renewed Motion for Entry of Default Judgment and Order Confirming Arbitration Award. The Clerk is instructed to enter judgment, jointly and severally, against Defendants and in favor of HPI in the amount of $136,681.80.

ENTERED:

Dated: October 5, 2018

_____
Andrea R. Wood
United States District Judge