**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HOME PRODUCTS INTERNATIONAL-NORTH AMERICA, INC., a Delaware corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 14 C 5788<br>) |
| v. | ) The Honorable Andrea Wood<br>) |
| MICHEL BUCHBUT, a/k/a MICHEL BOHBOT, an individual; DLDM INVESTMENT LIMITED, a a corporation organized under the laws of Switzerland; BEST PLASTICS, LLC, a New Jersey limited liability company; and BEST PLASTICO, LLC, a California limited liability company, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO**
**SUPPLEMENT FEE PETITION AND TO AMEND JUDGMENT**

Plaintiff HOME PRODUCTS INTERNATIONAL-NORTH AMERICA, INC. ("HPI") by its attorneys, KENT MAYNARD & ASSOCIATES LLC, hereby moves this Court for entry of an Order permitting HPI to supplement its previously-filed fee petition filed on November 30, 2015, and amending the *Judgment in a Civil Case* entered at the direction of this Court on November 16, 2015. In support thereof, HPI states as follows:

1. This cause arises from an American Arbitration Association ("AAA") arbitration initiated by one of the Defendants in the instant civil action, DLDM Investment Limited ("DLDM").

2. DLDM filed an arbitration demand seeking damages for alleged breaches of two agreements ("the Agreements"), one entitled *Agreement For Transfer And Use Of Plastic*

*Injection Molds And Royalty*, dated July 6, 2011 ("the Royalty Agreement") and the other entitled, *Injection Mold Purchase Agreement* entered into during November 2011 ("the Purchase Agreement").

3. The purpose of the two Agreements was to transfer certain plastic injection molds and related intellectual property from DLDM to HPI for the exclusive use of HPI in the manufacture of certain plastic goods for sale to customers.

4. In the AAA Arbitration, HPI denied that it breached the Agreements and filed a counterclaim for various breaches of the Agreements against DLDM and the other Defendants named in this action, Michel Buchbut, Best Plastics, LLC, and Best Plastico, LLC, all of which were alleged to be jointly and severally liable for the breaches alleged.

5. Under the Royalty Agreement and a Purchase Agreement, a prevailing party is entitled to recover reasonable attorney's fees and costs incurred in respect of any dispute.

6. As recited in the Final Award, a duly noticed Arbitration Hearing was convened on May 13, 2014.

7. After the Arbitration hearing, an arbitration award was entered in Plaintiff's favor by means of a Final Award dated as of June 25, 2014.

8. A true and correct copy of the Final Award is attached hereto as Exhibit 1.

9. The Final Award states that all of the claims of DLDM were dismissed.

10. The Final Award awarded to Plaintiff a total of $136,681.80, consisting of the following amounts:

| | |
|---|---|
| Damages | $75,000.00 |
| Attorney's fees and costs | $51,649.80 |
| AAA Fees | $10,032.00 |
| Total | $136,681.80 |

11. As such, the Arbitration Award included $51,649.80 for Plaintiff's attorney's fees and costs incurred by HPI in the AAA arbitration through and including the date of the arbitration hearing on May 14, 2014.

12. The Arbitration Award to HPI also includes $10,032.00, representing AAA fees paid by HPI in excess of its apportioned share of those fees and therefore reimbursable to HPI from Defendants.

13. On July 29, 2014, Plaintiff initiated the instant civil action to confirm the $136,681.80 Arbitration Award in this Court.

14. In so doing then and thereafter, Plaintiff incurred additional attorney's fees and costs.

15. On November 12, 2015, this Court granted Plaintiff's motion for entry of an order confirming the Arbitration Award and directed the Clerk "to enter Judgment in favor of Plaintiff Home Products International-North America, Inc. and against Defendants Michel Buchbut, DLDM Investment Limited, Best Plastics, LLC, and Best Plastico, LLC, all of which are to be held jointly and severally liable, in the amount of $136,681.80." *See* Exhibit 2.

16. On November 16, 2015, at the direction of this Court, the Clerk entered a Judgment in favor of Plaintiff. *See* Exhibit 3.

17. Notwithstanding this Court's direction to the Clerk to enter a Judgment *in the amount of $136,681.80*, the Judgment entered by the Clerk does not include a dollar amount. *See id.*

18. On November 30, 2015, Plaintiff filed its *Motion for Attorney's Fees* seeking to recover the attorney's fees and costs incurred by Plaintiff in pursuing confirmation of the Arbitration Award in this Court.

19. As such, the *Motion for Attorney's Fees* ("the Fees Motion") sought to recover fees incurred by HPI <u>after</u> the May 14, 2014 Arbitration Hearing and <u>before</u> the November 2015 confirmation of the Final Award by this Court.

20. A true and correct copy of HPI's *Motion for Attorney's Fees* ("the Fees Motion") is attached hereto as Exhibit 4.

21. The Fees Motion demonstrated by means of attached affidavits that Plaintiff's attorney's fees and costs incurred after the conclusion of the arbitration hearing on May 14, 2014, and before this Court's confirmation of the Arbitration Award in November 2015 totaled $18,453.00, consisting of $16,053.00 paid to Kent Maynard & Associates and $2,400 paid to Warren B. Grayson, Ltd.

22. On December 10, 2015, Plaintiff presented the Fees Motion filed on November 30, 2015, to this Court; and the Court took the Fees Motion under advisement.

23. On March 31, 2017, this Court granted the Fees Motion by means of an Order entered on that date.

24. A true and correct copy of this Court's Order awarding to HPI $18,453.00 in costs and fees is attached hereto as Exhibit 5.

25. HPI has not recovered any part of the Arbitration Award confirmed by this Court ($136,681.80) in November 2015 and has incurred incremental attorney's fees and costs in this matter in addition to the $18,453.00 in fees and costs awarded by this Court pursuant to the Fees Motion filed on November 30, 2015.

26. As before, such additional attorney's fees and costs are recoverable by HPI pursuant to fee-shifting provisions of the Agreements, as detailed in the Fees Motion.

27. A detailed itemization of fees and costs paid to Kent Maynard & Associates LLC not included in the Fee Motion filed on November 30, 2015 is attached hereto as Exhibit 6 and reflects a total of $29,981.58.

28. A detailed itemization of fees and costs paid to Warren B. Grayson, Ltd not included in the Fees Motion filed on November 30, 2015 is attached hereto as Exhibit 7 and reflects a total of $5,952.50.

29. The Judgment Order entered on November 16, 2015 at this Court's direction does not include any dollar amount and has never been modified to include the amount of the fees and costs awarded by this Court on March 31, 2017 or to include any other fees and costs incurred by HPI but not included in the Fees Motion granted by this Court.

30. Plaintiff respectfully submits that the Judgment Order entered on November 16, 2015, should be amended to include a dollar amount and that such dollar amount should include all of the following amounts:

| | |
|---|---|
| Final AAA Award | $136,681.80 |
| Fees/Costs incurred after AAA Award and before November 2015 confirmation (already awarded) | $18,453.00 |
| Incremental Fees/Costs incurred after November 2015 confirmation | $35,934.08 |
| Total Fees/Costs Included in Amended Judgment | $54,387.08 |
| Total Judgment | $191,068.88 |

WHEREFORE, Plaintiff Home Products International-North America, Inc. respectfully requests that this Court enter an order

1) granting Plaintiff Home Products International-North America Inc. leave to supplement the fee petition it filed with this Court on November 30, 2015 to include incremental fees and costs of $29,981.58 paid to Kent Maynard & Associates LLC and $5,952.50 paid to Warren B. Grayson, Ltd.which fees and cost were not included in the fee petition HPI filed with this Court on November 30, 2015, as set forth in the detailed affidavits of counsel annexed hereto;

2) awarding additional fees and costs to Plaintiff Home Products International-North America Inc. and against Defendants Michel Buchbut a/k/a Michel Bohbot; DLDM Investment limited; Best Plastics, LLC; and Best Plastico, LLC, jointly and severally, in the amount of $35,934.08;

3) Amending the Judgment Order entered in this action on November 16, 2015, to reflect a total dollar amount of $191,068.88, calculated as follows:

| | | |
|---|---|---|
| Final AAA Award | | $136,681.80 |
| Fees/Costs incurred after AAA Award and before November 2015 confirmation (already awarded) | $18,453.00 | |
| Incremental Fees/Costs incurred after November 2015 confirmation | <u>$35,934.08</u> | |
| Total Fees/Costs Included in Amended Judgment | | $54,387.08 |
| Total Judgment | | $191,068.88 |

4) and granting such other and further relief as this Court deems just and appropriate.

DATED: July 30, 2019

Respectfully submitted,
Home Products International-North America, Inc.

By: /s/ Kent Maynard Jr.
    One of Its Attorneys

Kent Maynard, Jr. (ARDC# 6205075)
Kent Maynard & Associates LLC
53 W. Jackson Blvd., Suite 1240
Chicago, IL 60604-3632
(312) 423-6586 (P)
(312) 878-1553 (F)
service@kentmaynard.com